IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

**FILED**

OCT 3 0 2007

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Gary W. Stanley
        Plaintiff/Petitioner,

District Court No. *2:07-0686*
Civil Action No. 06-c-1794
Kanawha County
Judge Jennifer Walker

v.

Edward Rebrook III

Mark Hunt

Anthony Serreno

Jack Doe

John Doe

        Defendants,

---

**PETITION FOR APPEAL**

---

## PARTIES

Plaintiff/Petitioner Gary W. Stanley, is a resident of Kanawha County, West Virginia, and at all times relevant to the allegations of this Complaint was a resident of Kanawha County and a citizen of the United States.

Defendant Edward Rebrook III, is a resident of West Virginia and is employed by the law firm of Hunt & Serreno located at Huntington Square-suiet 100 Charleston, WV 25303.

Defendant Mark A. Hunt, is a resident of West Virginia and is employed by the law firm of Hunt & Serreno located at Huntington Square-suiet 100 Charleston, WV 25303.

Defendant Anthony F. Serreno , is a resident of West Virginia and is employed by the law firm of Hunt & Serreno located at Huntington Square-suiet 100 Charleston, WV 25303.

Defendant Jack Doe, is a resident of West Virginia and is employed by the law firm of Hunt & Serreno located at Huntington Square-suiet 100 Charleston, WV 25303.

Defendant John Doe, is a resident of West Virginia and is employed by the law firm of Hunt & Serreno located at Huntington Square-suiet 100 Charleston, WV 25303.

## JURISDICTION

State courts have jurisdiction to hear claims on Federal Civil right statutes and must apply federal law in doing so.. Every state has expressed or by implication opened its court to § 1983 actions. **Howlett v. Rose,** 496

U.S. 356, 110 L.Ed.2d 332, 1105 S.Ct. 2430 (1990).  State immunity rule and notice requirements do not apply in state Court § 1983 action.  **Felder v. Casey,** 487 U.S. 131, 101 L.Ed.2d 123, 108 S.Ct. 2302 (1988) 42 U.S.C. § 1983. These individuals and their Insurer's are being sued in their individual personal capacity, responsible because of their conduct, authorization, condonation, and/or ratification, as applicable of the acts and omissions of defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer, in depriving Plaintiff Gary W. Stanley of rights secured to him by the Constitution of the United States, The West Virginia Constitution, and the laws of the State of West Virginia, by inter alia, failing to assure proper training and supervision of their personnel concerning plaintiff Gary Stanley's involvement in the crime of kidnapping, failing to assist against serious criminal charges that if had been assisted plaintiff Gary Stanley would have secured his acquittal at trial, and/or failing to implement meaningful procedures to prevent the deprivation of plaintiff Gary Stanley's civil rights.  The rights sought to be enforced include plaintiff Gary Stanley's Fourth Amendment right to be secure in his person and home and free from unlawful process of law, Sixth Amendment rights to the effective assistance of counsel and trial by jury, Eighth Amendment rights to be free from cruel and unusual punishment, and Fourteenth Amendment rights to the effective assistance of counsel.  This suit further seeks damages under **West Virginia Code § 14-2-13a** and various state law claims.

Furthermore, pursuant to **Rules of Civil Procedure Rule 4(c)**, petitioner can exercise his right to allow the Supreme Court of Appeals to decide matters arising in the petition.


### FACTUAL BACKGROUND


A man (hereinafter "Mazujian"), was kidnapped at the apartment of plaintiff Gary Stanley in Kanawha County, West Virginia on or about October 10, 2002.  Approximately 2 or 3 weeks later on or about October or September

2002, plaintiff Gary Stanley was arrested and charged with one count of kidnapping of Mazujian.

Plaintiff Gary Stanley was placed in the South Central Regional Jail and held without bail. Which he has continuously denied these wrongfully accused charges that were filed against him and maintained his innocence.

Subsequently the Kanawha County Grand Jurors met and returned the indictment of kidnapping against Gary Stanley. An indictment that failed to mention whether the victim suffered serious bodily injury, such an omission is not surplusage, but rather is a necessary predicate required for a sentence of life or life without mercy under Kidnapping statute **West Virginia Code § 61-2-14a** kidnapping. This critical error guarantees an acquittal for that charge of kidnapping because; The Supreme Court recently stated in **Apprendi v. New Jersey,** " . . . if the existence of any fact (other than prior conviction)" and in the case of kidnapping "... **whether the victim was failed to be returned without serious bodily harm** increases the maximum punishment that may be imposed on a defendant that fact no matter how the state labels it constitutes as an element, and must be found by a jury beyond a reasonable doubt. (Emphasis Mine).

On or about June 20, 2003, Plaintiff Gary Stanley's Aunts Priscilla Alderson and Sheila Wade hired defendants Edward Rebrook and members of the law firm Hunt & Serreno to represent plaintiff Gary Stanley in Criminal Case No. # 03-F-58. Defendants Edward Rebrook and Hunt & Serreno failed to properly represent plaintiff Gary Stanley though out his entire court proceedings and furthermore falsely represented plaintiff Gary Stanley due to their lack of an investigation, encouragement for plaintiff Gary Stanley to sign his life away by entering a plea agreement, and the failure to disclose their knowledge of the **Apprendi** law.

These factors extended plaintiff Gary Stanley's length of wrongful and false imprisonment. Had matters such as disclosure of the **Apprendi** law had been brought to the attention of a trial by court, defendants Edward Rebrook and Hunt & Serreno could have led plaintiff Gary Stanley's defense team to request an acquittal on the charge of kidnapping, instead defendants Edward

Rebrook and Hunt & Serreno encouraged plaintiff Gary Stanley to sign the plea agreement and therefore violated plaintiff Gary Stanley's Sixth Amendment right to trial by jury, sufficient indictment, and effective assistance of counsel.

Prior to defendants Edward Rebrook and Hunt & Serreno's time to make suitable defense strategies for trial, defendants Edward Rebrook and Hunt & Serreno knew about the insufficient indictment and by being licensed lawyers in the state of West Virginia knew about the Apprendi law that was ruled on in 2000.  With that knowledge defendants Edward Rebrook and members of the law firm Hunt & Serreno intentionally sabotaged plaintiff Gary Stanley's chance of acquittal to the charge of kidnapping at the trial level.

With Edward Rebrook and Hunt & Serreno failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania,** and **Apprenedi v. New Jersey,** demonstrating that the West Virginia Supreme Court decision **State v. Farmer,** no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping ". . . **whether the victim was failed to be returned without serious bodily harm"** which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Plaintiff Gary Stanley contends that he and his Aunts Priscilla Alderson and Sheila Wade specifically asked defendants Edward Rebrook and Hunt & Serreno, the direct questions concerning the specific time he would be exposed to and whether plaintiff Gary Stanley had a good chance of acquittal on the trial level.

As to the proximate cause of the improper and unprepared investigation of defendants Edward Rebrook and Hunt & Serreno, plaintiff Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal

defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting scars, permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

The acts of each defendants herein Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and each of them, separately and in concert, and in their own personal capacity, that constitute deprivation of plaintiff Gary Stanley's civil rights and are the basis of the claims herein include.

**A. A denial of plaintiff Gary Stanley's rights under the United States Constitution including, but not limited to, his Fourth, Sixth, Eighth, and Fourteenth Amendments knowingly, willfully, wrongfully concealing information that would have assisted Stanley in his defense against serious criminal charged that would have secured his acquittal at trial.**

**B. A denial of plaintiff Gary Stanley' rights under the Constitution of the State of West Virginia including, but not limited to, Article III, Section 10.**

Togather these improper actions constitute an extraordinary dereliction of duty.

ARGUMENT

Petitioner is appealing the judgement of the circuit court in dismissing his Civil Action Complaint NO. # 06-c-1794. Petitioner contends that his complaint was not frivolous or malicious as the ORDER OF DISMISSAL contended. Petitioner argues that he has established claims with arguable basis in fact and in law and states a cause of action that relief can be granted. Furthermore, petitioner appealed the Dismissal to the West Virginia Supreme Court of Appeals and was refused to be heard. Therefore, petitioner is also appealing the West Virginia Supreme Court of Appeals decision to refuse to hear his appeal.

A time frame has elapsed since the filing of his Civil Action Complaint NO. # 06-c-1794, petitioner has received relief on his State Proceedings and guess what for **INEFFECTIVE ASSISTANCE OF COUNSEL.**

Orders dismissing claims pursuant to **W.Va. Code 25-1A-4 [2000],** must state the court's reasoning and must set forth the specific and legal basis for the court's decision.

Petitioner contends that the Circuit Court's Opinion Order is in error. In **Ward v. Cliver,** 212 W.Va. 653, 575 (2002) the Court held . . . "Obviously, persons who are imprisoned do not lose their constitutional right to use the courts to seek to obtain justice. Cf. **State ex rel. Anstey v. Davis,** 203 W.Va. 538, 509 S.E.2d 579 (1998); **W.Va. Constitution, Article 3, Sec. 17** ("The court of this State shall be open, and every person, for an injury dome to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale denial or delay.")

Petitioner presents the following to help this Honorable Court decide whether Plaintiff Gary Stanley is entitled to any relief. This action should not be considered frivolous or malicious because; (1) Gary Stanley paid the sum of ten thousand dollars (10,000) from the defendants for legal services that were not rendered. (2) Even if a person pays a lawyer to represent him though the course of criminal proceedings, he is entitled to the effective assistance of counsel. (3) Be it a contractor, be it a lawyer, if one pays another for their professional services and those services are not in any way rendered as agreed then they are liable.

By reason of improper and lack of an investigation that Edward Rebrook and Hunt & Serreno performed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania, and Apprendi v. New Jersey,** demonstrates that the West Virginia Supreme Court decision **State v. Farmer,** no longer controlled on the constitutional questions of " . . if the existence of any fact other than prior conviction" and in the case of kidnapping  ". . . **whether the victim was failed to be returned without serious bodily harm"** which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

This key knowledge would have assisted Gary Stanley in his defense against serious criminal charges. Defendants erred by failing to properly advise and represent their client during court omissions, and other such improper action. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answered criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting scars, permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all other excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

## ASSIGNMENTS OF ERROR

COUNT I:  Edward Rebrook and Hunt & Serreno.  Deprivation of Mr. Stanley's Civil Rights -- 42 U.S.C. § 1983.

COUNT II:  Edward Rebrook and Hunt & Serreno.  Negligence; Knowledge of Probability of Injury.

COUNT III:  Edward Rebrook and Hunt & Serreno.  Negligence.

COUNT IV:  Edward Rebrook and Hunt & Serreno.  False Pretenses and Fraudulent Devices, Schemes, and Tricks.

COUNT V:  Edward Rebrook and Hunt & Serreno.  Intent to Deceive; Knowledge of Falsity.

COUNT VI:  Edward Rebrook and Hunt & Serreno.  Intent to Deceive.

COUNT VII:  Edward Rebrook and Hunt & Serreno.  Fraud and Deceit; Duty to Know The Facts.

COUNT VIII:  Edward Rebrook and Hunt & Serreno.  Fraud and Deceit; Concealment or Nondisclosure of Facts.

COUNT IX:  Edward Rebrook and Hunt & Serreno.  Effect of Negligence; Duty to Investigate.

COUNT X:  Edward Rebrook and Hunt & Serreno.  Legal Malpractice; Breach of Duty.

COUNT XI:  Edward Rebrook and Hunt & Serreno.  Legal Malpractice; Duty of Care.

COUNT XII:  Edward Rebrook and Hunt & Serreno.  Tort of Outrage.

COUNT XIII:  Edward Rebrook and Hunt & Serreno.  Prima Facie Tort.

COUNT XIV:  Edward Rebrook and Hunt & Serreno.  Tort of Defamation.

## DISCUSSION OF LAW

**COUNT I:  Edward Rebrook and Hunt & Serreno.  Deprivation of Mr. Stanley's Civil Rights -- 42 U.S.C. § 1983**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights.  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer were acting in malpractice though out the course of plaintiff Gary Stanley's court proceedings.  These defendants, and each of them, were directly responsible for knowingly withholding information and critical knowledge that allowed plaintiff to be prosecuted for the crime of kidnapping and encouraging his prosecution.  Their actions in withholding information and misleading their client further resulted in an extension in the time plaintiff was wrongfully incarcerated.

The actions of these defendants, and each of them,, violated and deprived plaintiff of his rights under the United States Constitution, The West Virginia Constitution, and the laws of the State of West Virginia as aforesaid.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and

insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT II:   Edward Rebrook and Hunt & Serreno.   Negligence; Knowledge of Probability of Injury.**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Negligence; Knowledge of Probability of Injury.**   In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer is obligated under both state and federal law to adequately train and supervise the lawyers in their firm, in order to prevent them from violating clearly established law in their duties as a a licensed lawyer in the state of West Virginia.  Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted in **Negligence; Knowledge of Probability of Injury** in Criminal Case No. # 03-F058.  For conduct to be willful and wanton it must be shown that a defendant knew or reasonably should have know in the light of the surrounding circumstances that his conduct would naturally or probably result in injury.  The requisite knowledge can be knowledge can be actual or constructive, and is judged by an objective rather than a subjective standard. That is, it is not necessary that the defendant himself recognizes conduct as being extremely dangerous; it is enough that he know, or has reason to know, of circumstances which would bring home to the realization of the ordinary responsible person the highly dangerous character of his conduct.  The actor must be shown to have consciously realized, or should have realized, that his conduct would in all probability, as distinguished from possibility, procedure the precise result that did produce and would bring harm to another.

By reason of improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania,** and **Apprenedi v. New Jersey,** demonstrating that the West Virginia Supreme Court decision **State v. Farmer,** no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping ". . . **whether the victim was failed to be returned without serious bodily harm"** which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Had Edward Rebrook and Hunt & Serreno fully investigated and disclosed their knowledge of the Apprendi law, plaintiff Gary Stanley would have received a much less severe punishment than the one that he did receive.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted in **Negligence; Knowledge of probability of injury**, the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT III:  Edward Rebrook and Hunt & Serreno.  Negligence**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED
FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Negligence**.  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted in **Negligence** during Criminal Case NO. # 03-F-58.  Furthermore, the defendants and each of them acted in Reckless disregard of consequences, consequences that plaintiff Gary Stanley would have to endure the rest of his life.  In addition to the requirement that the defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer, have actual constructive knowledge of the consequences of their conduct in Criminal Case No. # 03-F-58.  A finding of willful conduct requires a showing that the actors continued the conduct in reckless or conscious disregard of the consequences.  The conscious disregard defined by "willful and wanton" conduct must be a disregard of the foreseeable injurious consequences.  That is, in order to establish willful and wanton conduct the act or omission must not only be negligent but exhibit an utter indifference to or conscious disregard for a person's own safety or the safety of others.

By reason of improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing

him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania,** and **Apprendi v. New Jersey,** demonstrating that the West Virginia Supreme Court decision **State v. Farmer,** no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping ". . . **whether the victim was failed to be returned without serious bodily harm"** which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Had Edward Rebrook and Hunt & Serreno fully investigated and disclosed their knowledge of the Apprendi law, plaintiff Gary Stanley would have received a much less severe punishment than the one that he did receive.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Negligence** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a

plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT IV:  Edward Rebrook and Hunt & Serreno.  False Pretenses and Fraudulent Devices, Schemes, and Tricks.**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **False Pretenses and Fraudulent Devices, Schemes, and Tricks.**  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted in **False Pretenses and Fraudulent Devices, Schemes, and Tricks** while pretending to act as plaintiff Gary Stanley's counsel in Criminal Case No. # 03-F-58.  Therefore, Defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer committed False Pretenses and Fraudulent Devices, Schemes, and Tricks.  A Fraud may be perpetrated by false pretenses or by any trick, device, artifice, or scheme calculated to injure another.  The common characteristic of cases involving fraudulent devices or

false pretenses if the deprivation of another of a **right, money,** or property by an artful and/or deceptive word and acts which, when the facts are known, were more or less obviously said or done with intent to defraud.

In this case defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted in False Pretenses and Fraudulent Devices, Schemes, and Tricks, by obtaining money [more than ten thousand dollars] from plaintiff Gary Stanley's aunts Priscilla Alderson and Sheila Wade with the guarantee of proper representation during plaintiff Gary Stanley's criminal court proceedings. This guarantee in which defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer did not preform, attempt to preform, or act upon.

Therefore, the actions of these defendants, and each of them, violated and deprived plaintiff Gary Stanley of his rights under the United States Constitution, the West Virginia Constitution, and the laws of the State of West Virginia as aforesaid. The actions of these defendants and eahch of them violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty

and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT V:  Edward Rebrook and Hunt & Serreno.  Intent to Deceive; Knowledge of Falsity.**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Intent to Deceive; Knowledge of Falsity**.  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit. Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted with **Intent to Deceive; Knowledge of Falsity** during Criminal Case No. # 03-F-58.  It is generally necessary, in an action of deceit based on false representations, to show an intent to deceive and knowledge part of the defendant of the falsity of his representation. At any rate, provided the other elements essential to actual knowledge of its falsity and with intent to deceive.

By reason of improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania**, and **Apprendi v. New Jersey**, demonstrating that the West Virginia Supreme Court decision **State v. Farmer**, no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping ". . . **whether the victim was failed to be returned without serious bodily harm**" which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Had Edward Rebrook and Hunt & Serreno fully investigated and disclosed their knowledge of the Apprendi law, plaintiff Gary Stanley would have received a much less severe punishment than the one that he did receive.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acting with and in **Intent to Deceive; Knowledge of Falsity** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and

pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

### COUNT Vi:  Edward Rebrook and Hunt & Serreno.  Intent to Deceive.

#### THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Intent to Deceive.**  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted with **Intent to Deceive** during Criminal Case No. # 03-F-58.  A fraudulent intent is an essential element of actual fraud. Thus, in a great majority of American Jurisdictions and in English Court, the rule is firmly established that the existence of a fraudulent intent or an

intent to deceive is an indispensable element to successful maintenance of a tort action of deceit for the recovery of damages. Actual fraud is the foundation, or as is often said, the gist for gravemen, of such action. If an intent to deceive is established, an action of deceit will lie. Broadly speaking, moreover, the misrepresentation must have been made with the intention of deceiving the complaining party.

The false statements made to intentionally deceive in this case was when defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer was paid in advance by plaintiff Gary Stanley and his aunts Priscilla Alderson and Sheila Wade for defendants' legal services to be rendered during Criminal Case No. # 03-F-58. This service was never rendered. This service cost plaintiff Gary Stanley his life be signed away on a plea agreement that defendants Edward Rebrook and Hunt & Serreno encouraged plaintiff Gary Stanley to sign. This misrepresentation was made with the intention of deceiving the complaining party for over Ten Thousand (10,000) Dollars.

Furthermore, had defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, represented plaintiff Gary Stanley as they said that they would when they gladly accepted the Ten Thousand (10,000) Dollars, plaintiff Gary Stanley would not have been sentenced to an illegal sentence.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acting with and in **Intent to Deceive** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT VII:  Edward Rebrook and Hunt & Serreno.  Fraud and Deceit; Duty to Know The Facts.**

**THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Fraud and Deceit; Duty to Know The Facts.**  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted with and in **Fraud and Deceit; Duty to Know The Facts** during and before Criminal Case NO. # 03-F-58. It is generally held that scienter, as a basis for a charge of fraud or deceit, may be proved by showing that the special situation or means of knowledge of the party making the representations are such to make it his duty to know whether they were true or false. Insofar, as the element of knowledge is concerned, false representations may be a ground for relief where the party making them ought to know, or it his duty to know, or he has the means of knowing. Had Edward Rebrook and Hunt & Serreno fully investigated and disclosed and not withheld their knowledge of the Apprendi law, plaintiff Gary Stanley would have received a much less severe punishment than the one that he did receive. Defendants Edward Rebrook and Hunt & Serreno's conduct in Criminal Case NO. # 03-F-58, was consistent and equitable with acts performed in concealing the existence of facts and Duty to Know. One may be held liable for a false representation where the facts are peculiarly within his own knowledge where it lies within his special providence to know them. [ Defendants Edward Rebrook and Hunt & Serreno knew about and withheld the Apprendi law ]. It is a person's duty to remember his own acts, and he is bound to do so at his peril; innocent parties cannot be permitted to suffer by reason of his forgetfulness, and if he forgets he must be held responsible as if he had not forgotten. Forgetfulness of the existence of fact after former knowledge will not excuse a statement of actual knowledge.

Defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one, employed by the law firm of Hunt & Serreno and insurer knew about the Apprendi law. If they forgot it or just chose not to disclose their knowledge of this critical evidence, regardless the defendants knew about the Apprendi law and unlawfully withheld that knowledge.

The improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania,** and **Apprendi v. New Jersey,** demonstrating

that the West Virginia Supreme Court decision **State v. Farmer**, no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping    ". . . **whether the victim was failed to be returned without serious bodily harm**" which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Fraud and Deceit; Duty to Know The Facts** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT VIII:** Edward Rebrook and Hunt & Serreno.  Fraud and Deceit; Concealment or Nondisclosure of Facts.

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Fraud and Deceit; Concealment or Nondisclosure of Facts.**  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted in **Fraud and Deceit; Concealment or Nondisclosure of Facts** while pretending to act as plaintiff Gary Stanley's counsel in Criminal Case No. # 03-F-58.  In accordance with general principles applicable to concealment or nondisclosure of facts, a concealment is fraudulent where made with knowledge of the facts and with the intent to deceive.  In which case it is sufficient if he conceals a known condition which he has reason to know will result in injury to the other party.  Thus, it has been indicated that silence may constitute in fraud and deception as to a material fact.

Defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one, employed by the law firm of Hunt & Serreno and insurer knew about the Apprendi law.  If they forgot it or just chose not to disclose their knowledge of this critical evidence, regardless the defendants knew about the Apprendi law and unlawfully withheld that knowledge.

The improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania**, and **Apprendi v. New Jersey**, demonstrating that the West Virginia Supreme Court decision **State v. Farmer**, no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping   ".  .  . **whether the victim was failed to be returned without serious bodily harm"** which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Fraud and Deceit; Concealment or Nondisclosure of Facts** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a

plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT IX:   Edward Rebrook   and   Hunt  &  Serreno.   Effect   of Negligence; Duty to Investigate.**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Effect of Negligence; Duty to Investigate.**   In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted in **Effect of Negligence; Duty to Investigate** while pretending to act as plaintiff Gary Stanley's counsel in Criminal Case No. # 03-F-58.  Is it better to encourage negligence in the foolish, or fraud in the deceitful?  Either course has obvious dangers.  One who has intentionally deceived the other, to his prejudice, is not to be heard say, in defense of the the charge of fraud, that the innocent party ought to not have trusted him or was guilty of negligence in so doing.  This is especially true where there is a relationship of trust between the two parties, and where

knowledge as to the truth or falsity of the representations is peculiarly within the possession of the defrauding party.

Plaintiff Gary Stanley had a relationship of trust with defendants Edward Rebrook and Hunu & Serreno and was unaware that defendants Edward Rebrook, and all other not excluding one employed by the law firm of Hunt & Serreno, and insurer, would not adequately investigate on his behalf, would not properly defend him as paid defense counsels, and would take his money with no services rendered.

The improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania,** and **Apprenedi v. New Jersey,** demonstrating that the West Virginia Supreme Court decision **State v. Farmer,** no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping ". . . **whether the victim was failed to be returned without serious bodily harm"**, which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Effect of Negligence; Duty to Investigate** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT X:  Edward Rebrook and Hunt & Serreno.  Legal Malpractice; Breach of Duty.**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Legal Malpractice; Breach of Duty.**  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit. Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of

Hunt & Serreno, and insurer acted in **Legal Malpractice; Breach of Duty** while pretending to act as plaintiff Gary Stanley's counsel in Criminal Case No. # 03-F-58. A breach of duty in legal malpractice occurs when the lawyer's client gave specific outline instructions to the attorney and the lawyer fails to follow these instruction. A breach of that duty exists, even if consisting of only one act or omission, which can produce a multitude of causes of action. When an attorney's conduct, breaches the fiduciary obligations to his client, relief may also be provided in an action for constructive fraud.

When defendants Edward Rebrook and Hunt & Serreno didn't disclose their knowledge of the Apprendi law they were not making an honest mistake, they were specifically withholding evidence detrimental to plaintiff Gary Stanley's well being. Furthermore, defendants Edward Rebrook and Hunt & Serreno continuously refused to follow instructions of their client, would not provide him with information regarding scheduled matter about the case, and would not provide him copies of pleadings and motions that plaintiff Gary Stanley specifically asked requested.

The improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania,** and **Apprendi v. New Jersey,** demonstrating that the West Virginia Supreme Court decision **State v. Farmer,** no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping ". . . **whether the victim was failed to be returned without serious bodily harm"** which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno and insurer knew about the Apprendi law but chose not to disclose their knowledge of this critical evidence, knowing plaintiff Gary Stanley was going to receive a punishment far greater then the one he would have received if defendants would have disclosed this law.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Legal Malpractice; Breach of Duty** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT XI:  Edward Rebrook and Hunt & Serreno.  Legal Malpractice; Duty of Care.**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Legal Malpractice; Duty of Care.**  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit. Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted with and in **Legal Malpractice; Duty of Care** during and before Criminal Case NO. # 03-F-58.  Professional ethical standards in the legal profession are developed independently from the common law duty of care.  Most courts hold that professional ethical standards conclusively establish the duty of care and that any violation constitutes negligence per se.  Furthermore, most courts find that a professional ethical violation establishes a rebuttable presumption of legal malpractice.  Those courts also treat professional ethical standard as evidence of the common law duty of care.

When defendants Edward Rebrook and Hunt & Serreno failed to disclose their knowledge of the Apprendi law they were not making an honest mistake, they were specifically withholding evidence detrimental to plaintiff Gary Stanely's well being.  Furthermore, defendants Edward Rebrook and Hunt & Serreno continuously refused to follow the instructions of their client, would not provide him with information regarding scheduled matters about the case, and would not provide him copies of pleadings plaintiff Gary Stanley specifically asked for.

The improper and lack of an investigation that Edward Rebrook and Hunt & Serreno preformed, wrongfully concealing information, failing to advise plaintiff Gary Stanley on the Pre-Plea change in law (1999) exposing him to more time (life with or without mercy) under the United States Supreme Court rulings **Sattazahn v. Pennsylvania,** and **Apprenedi v. New Jersey,** demonstrating that the West Virginia Supreme Court decision **State v. Farmer,** no longer controlled on the constitutional questions of ". . . if the existence of any fact other than prior conviction" and in the case of kidnapping  ". . . **whether the victim was failed to be returned without serious bodily harm"** which is an element of the crime, the refusal to persue this key information, amounted to the ineffective assistance of counsel by defendants.

Defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno and insurer knew about the Apprendi law but chose not to disclose their knowledge of this critical evidence, knowing plaintiff Gary Stanley was going to receive a punishment far greater then the one he would have received if defendants would have disclosed this law.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Legal Malpractice; Duty of Care** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights,

personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages.   Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT XII:  Edward Rebrook and Hunt & Serreno.  Tort of Outrage**

### THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Tort of Outrage**.  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted with **Tort of Outrage** in Criminal Case No. #

03-F-58.   The actions of these defendants constitutes the tort of outrage in that the conduct of the defendants was extreme and outrageous, conduct intentionally or recklessly causing severe emotional distress to the plaintiff Gary Stanley.   The conduct of the defendants is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Tort of Outrage** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff.   Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive.   Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages.   Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

COUNT XIII:  Edward Rebrook and Hunt & Serreno.  Prima Facie Tort.

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights by engaging in **Prima Facie Tort**.  In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit.  Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted.  Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted with **Prima Facie Tort** in Criminal Case No. # 03-F-58.  The conduct and actions of these defendants constitutes prima facie tort.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Prima Facie Tort** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff.  Furthermore, there is no immunity for acts which

are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four years he has been prevented from enjoying the freedom of activity constitutionally guaranteed to all citizens by the Constitution of the United States.

**COUNT XIV:   Edward Rebrook and Hunt & Serreno.   Tort of Defamation.**

THE CIRCUIT COURT FAILED TO ADDRESS THIS CLAIM AND MAKE THE REQUIRED FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In his Civil Action Complaint, Gary Stanley raised the claim that Edward Rebrook and Hunt & Serreno Deprived him of his Civil Rights. In The Circuit Court's Opinion Order of January 12, 2007, this claim was dismissed and claimed to be without merit. Also the Court contended that Petitioner failed to state of cause and action for which relief can be granted. Gary Stanley Petitioner/Plaintiff argues that this Civil Action Complaint does contain merit and states cause and action for which relief can be granted.

Plaintiff Gary Stanley realleges preceding paragraphs of this complaint as if fully set forth herein and further alleges as follows.

At all times pertinent hereto, defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer acted with **Tort of Defamation** in Criminal Case No. # 03-F-58. The conduct and actions of these defendants constitutes Tort of Defamation.

Therefore, by defendants Edward Rebrook and all others excluding not one employed by the law firm of Hunt & Serreno and insurer, acted with and in **Tort of Defamation** and the defendants violated clearly established law of which any reasonable lawyer would have known.

The defendants Edward Rebrook, Mark Hunt, Anthony Serreno, and all others excluding not one employed by the law firm of Hunt & Serreno, and insurer in their own individual capacity, are not immune from liability as there is a policy of insurance, that policy provides coverage for the claims asserted by the plaintiff. Furthermore, there is no immunity for acts which are fraudulent, malicious, negligent, or otherwise oppressive. Moreover, the conduct of the defendants gives rise to a deprivation of a right clearly established law and constitutional rights.

As a direct and proximate result of these defendants' actions, plaintiff Gary Stanley suffered injuries, including deprivation of his civil rights, personal injuries, extreme humiliation and embarrassment, severe emotional distress, loss of reputation in the community, a serious loss of freedom, and pain and suffering while incarcerated, and a serious loss of wages. Gary Stanley has been denied his fundamental rights, has been denied his liberty and forced to answer criminal charges of the most heinous nature, has been forced to under go mental anguish and strain of signing his life away on a plea bargain, conviction and incarceration, has expanded large sums of monies for his legal defense, has been subjected to personal humiliation and disgrace, has been prevented from pursuing promising education and employment opportunities, and will bear lasting permanent mental scars from his wrongful conviction, and his reputation is permanently ruined, and for more than four

**CONCLUSION**

Wherefore, plaintiff Gary Stanley demands judgement against each of the defendants jointly and severally as follows.

1. An award of compensatory and punitive damages to plaintiff Gary Stanley, and the amount paid that was paid to Edward Rebrook and Hunt & Serreno for legal services that were not rendered.

2. An award of reasonable costs and expenses to plaintiff Gary Stanley in this action, including attorney's fees pursuant to 42 U.S.C. e. 1983.

**PLAINTIFF GARY STANLEY DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE**

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this ____ day of October, 2007.

Gary Stanley

STATE OF WEST VIRGINA
COUNTY OF FAYETTE
Subscribed and sworn before me on this 28th day of OCTOBER , 200 7 . My commission expires JUNE 5 2016.

(Notary Public)

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
SANDRA G. LAWRENCE
Mt Olive Correctional Complex
1 Mountainside Way
Mt. Olive, WV 25185
My Commission Expires June 5, 2016

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that Plaintiff/Petitioner Gary Stanley served the original and nine copies of the forgoing petition for appeal on this _____ day of October, 2007, by first class mail postage prepaid to the clerk of the The United States District Court Southern District, Robert C. Byrd United States CourtHouse, 300 Virginia Street East, Room 2400, Charleston, WV, 25301, Teresa L. Deppner.

Gary Stanley